E-FILED
Tuesday, 06 July, 2021 02:47:58 PM
Clerk, U.S. District Court, ILCD

FILED
6/2/2021 10:12 AM
TAMMY WEIKERT, CIRCUIT CLERK
ROCK ISLAND COUNTY, IL

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
ROCK ISLAND COUNTY, ILLINOIS

| | |
|---|---|
| ANDREA AWBREY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF EAST MOLINE, )<br>Defendant. )<br>)<br>& )<br>)<br>CITY OF MOLINE, )<br>Defendant ) | NO. 2021L66 |

## COUNT I

COMES NOW, the Plaintiff, Andrea Awbrey, by her attorneys Winstein, Kavensky & Cunningham, L.L.C, and for her cause of action against City of East Moline and City of Moline and in support thereof states as follows:

1. That on or about February 21, 2019 Plaintiff interviewed for employment as an executive assistant with the City of East Moline's fire department.

2. That on or about February 26, 2019 Defendant, City of East Moline, declined to hire Plaintiff and in fact, City of East Moline hired a less qualified candidate.

3. That prior to applying for the position with the City of East Moline, Plaintiff had previously filed an Illinois Department of Human Rights ("IDHR") complaint against the City of Moline on May 31, 2017, 2017SF3414 while she was employed by City of Moline as an administrative assistant. That when Plaintiff filed that complaint she engaged in protected activity. This complaint was settled and as a term of that settlement Plaintiff and the City of Moline agreed to a non-disparagement clause.

4. That Plaintiff was the only applicant for the job with City of East Moline with eight (8) years of fire department experience. Plaintiff also held other applicable certifications. Therefore, she was imminently qualified for the position with City of East Moline.

5. That City of East Moline and City of Moline are located next to each other geographically and the employees of each defendants fired departments know each other.



1

5. The City of East Moline and City of Moline are located next to each other geographically and the employees of each defendants fired departments know each other.

6. The City of East Moline's employee Jody Taylor ("Taylor") spoke with Plaintiff in detail about Plaintiff's abilities to get the position and the fact that Plaintiff would have preference because she had the Illinois Fire Service Executive Support Program certification.

7. On November 2, 2018 Taylor told Plaintiff via text message "HR has told us that we may not even need to go out if we know we want to hire you. Which we do."

8. On November 5, 2018 Taylor confirmed via text message that she and City of East Moline Fire Chief Robert Defrance ("Defrance") were going to select Plaintiff for the position, that she would receive health insurance, and an annual salary of $53,000.00

9. On December 12, 2018 Plaintiff received a text message from Taylor that stated in part "…it will probably be March 17th before you start."

10. On February 1, 2019 Plaintiff sent Taylor an email with her application package.

11. On February 21, 2019 after the interview Taylor called Plaintiff and told her "the Chief didn't have a real good feeling." Taylor also told Plaintiff that Annaka Whiting ("Whiting"), City of East Moline Finance Director, was a "snitch" for the City of Moline. Whiting had previously worked for City of Moline. Taylor also asked Plaintiff if she needed to tell the Chief about anything about her time at the City of Moline.

12. On February 26, 2019 Plaintiff received an email from HR Manager John Showalter ("Showalter") informing her that City of East Moline was not going to hire her.

13. Defrance received a very positive letter of recommendation from City of Moline Fire Chief Jeff Snyder ("Snyder"). Following the interview Defrance spoke to Snyder.

14. After Defrance spoke with Snyder, the City of East Moline, in violation of Illinois Human Rights Act, declined to hire Plaintiff in retaliation for her filing a complaint against City of Moline with the Illinois Department of Human Rights.

15. On March 4th of 2021 the Illinois Department of Human Rights issued a Right to Sue Letter. Therefore, this complaint is timely filed.

16. As a direct and proximate cause of Defendant City of East Moline's action Plaintiff has suffered damages including, but not limited to loss of income, pain

and suffering, mental anguish, extreme emotional distress, and had to hire an attorney to represent her.

**WHEREFORE** Plaintiff, Andrea Awbrey, prays that the Court enter judgment against City of East Moline as follows:

A. In favor of Plaintiff for an amount sufficient to reasonably compensate her for the damages she suffered including but not limited to reimbursement of lost wages, front pay, recompense for her emotional distress, pain and suffering, mental anguish, and to punish defendant via an award of punitive damages.

B. For attorney's fees and court costs as provided for by statute.

C. For such further relief as the Court deems necessary and proper.

## COUNT II

Plaintiff, Andrea Awbrey, by her attorneys Winstein, Kavensky & Cunningham, L.L.C, for her cause of action against the City of Moline states as follows:

1-14. Plaintiff repleads said paragraphs as though set forth verbatim.

15. During Defrance and Snyder's conversation, Snyder made disparaging comments about Plaintiff. At the time Snyder made the comments he was in the employ of the City of Moline, as Fire Chief, and was its agent.

16. Snyder's statements to Defrance breached the contract, specifically the non-disparagement clause, which was part of the settlement agreement between City of Moline and Plaintiff.

17. The settlement agreement reached by Plaintiff and City of Moline was reduced to writing and signed by both parties. Therefore, this claim is timely filed.

18. As a direct and proximate cause of City of Moline's breach Plaintiff has suffered damages including, but no limited to loss of income, pain and suffering, mental anguish, and extreme emotional distress.

**WHEREFORE** Plaintiff, Andrea Awbrey, prays that the Court enter judgment against City of Moline, as follows:

A. In favor of Plaintiff for an amount sufficient to reasonably compensate her for the damages she suffered including but not limited to reimbursement of lost wages, front pay, recompense for her emotional distress, pain and suffering, mental anguish, and to punish defendant via an award of punitive damages.

B. For such further relief as the Court deems necessary and proper.

## COUNT III

Plaintiff, Andrea Awbrey, by her attorneys Winstein, Kavensky & Cunningham, L.L.C, for her cause of action against City of East Moline states as follows:

1-15. Plaintiff restates and realleges counts 1-15 of Count I of this complaint as if set forth word for word herein.

16. When City of East Moline declined to hire Plaintiff in retaliation for her filing a complaint with the IDHR it violated Title VII of the Civil Rights Act of 1964.

17. As a direct and proximate cause of Defendant's action Plaintiff has suffered damages including, but not limited to loss of income, pain and suffering, mental anguish, and extreme emotional distress.

**WHEREFORE** Plaintiff, Andrea Awbrey, prays that the Court enter judgment against the City of East Moline as follows:

A. In favor of Plaintiff for an amount sufficient to reasonably compensate her for the damages she suffered including but not limited to reimbursement of lost wages, front pay, recompense for her emotional distress, pain and suffering, mental anguish, and to punish defendant via an award of punitive damages.

B. For attorney's fees and court costs as provided for by statute.

C. For such further relief as the Court deems necessary and proper.

Andrea Awbrey, Plaintiff

By: /s/ John A. Singer
John A. Singer
Winstein, Kavensky & Cunningham
P.O. Box 4298
Rock Island, IL 61201
(309) 794-1515 - Phone
(309) 794-9929 – Fax